IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI,                              :
                                            :
    Plaintiff                               :   CIVIL NO. 3:CV-07-1578
                                            :
v.                                          :
                                            :
                                            :   (Judge Vanaskie)
WARDEN, USP-ALLENWOOD, et al.,              :
                                            :
    Respondents                             :

MEMORANDUM

Background

    Kevin Razzoli filed this combined petition seeking both a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a writ of error coram nobis while previously confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood). By Order dated January 14, 2008, coram nobis relief was denied, and service of the § 2254 petition was ordered. See Dkt. Entry # 13. Respondents are the USP-Allenwood Warden, the District Attorney of Lackawanna County, and the Attorney General of Pennsylvania.

    Razzoli was convicted of attempted murder and related charges following a Navy court martial and sentenced to a twenty-five (25) year term of imprisonment in 1987. See Razzoli v. U.S. Navy, 248 Fed. Appx. 473, (3d Cir. 2007). He was subsequently transferred into the

custody of the Federal Bureau of Prisons (BOP).  Razzoli has been granted parole on multiple occasions, but has repeatedly had his parole revoked.  See id.

 On July 27, 2006 Razzoli was again granted parole.  However, on August 9, 2006 (while still on federal parole) Petitioner pled guilty to a charge of disorderly conduct in Lackawanna County Central Court.  See id. at 474.   After serving his state sentence, Razzoli was detained on a parole violation charge.  Id.  During December, 2006, the United States Parole Commission (Parole Commission) revoked Petitioner's parole on the basis of his disorderly conduct conviction and sentenced Razzoli to serve fourteen (14) months of imprisonment.  See id.

Razzoli's pending petition claims entitlement to federal habeas corpus relief on the basis that he was provided with ineffective assistance of counsel with respect to the  guilty plea he entered in Lackawanna County Central Court.  As relief, Petitioner seeks to withdraw his plea and proceed to trial.

Respondents have filed a motion to dismiss the petition on the ground that Razzoli "is not in custody pursuant to the judgment of a state court," and thus fails to satisfy the jurisdictional premise of a habeas corpus petition brought under § 2254: the petitioner must be "in custody pursuant to the judgment of State court." 28 U.S.C. § 2254(a).  It is alternatively asserted that, because Razzoli' s petition lacks needed information as to the substance and

procedural history of his claims, he should be directed to file an amended petition on this Court's form § 2254 petition.

Discussion

It is undisputed that Razzoli was not in state custody on the challenged disorderly conduct conviction when he brought this habeas corpus proceeding. It must also be noted that a recent filing by the Government in another matter brought by Razzoli in this Court indicates that Petitioner was released from federal custody on January 23, 2009, and is currently residing in the State of New York. See Razzoli v. United States Parole Commission, 3:CV-08-272, Dkt. Entry # 33, p. 4. The fact that Razzoli is no longer in custody presents the question of whether this Court has the authority to adjudicate this matter.

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison. See Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). Once a petitioner challenging a conviction is released from custody, the federal court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, No. 07-4782, ___ F.3d ___, 2009 WL 385419, at *3 (3d Cir. Feb. 18, 2009). This is due to the fact that federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. "[P]arties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words,

throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477; see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original).

As recently explained in Burkey in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241:

> Incarceration satisfies the case or controversy requirement; it is a concrete injury caused by a conviction and is likely to be redressed by invalidation of the conviction. Once a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue.

2009 WL 385419, at *3.

With respect to habeas corpus actions challenging parole revocation procedures, the Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of the petitioner from custody on the parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also United States v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002) (applying Spencer to hold

that petitioner unconditionally released from probation could not maintain challenge to the sentence received for violating the terms of probation).

At the time this matter was initiated, Razzoli 's Lackawanna County sentence was fully expired. However, Petitioner was serving a federal parole violation sentence (allegedly premised upon his Lackawanna County sentence), which was subject to federal habeas corpus review under 28 U.S.C. § 2241. Razzoli has completed service of the federal parole revocation sentence which was premised on his Lackawanna County conviction. Thus, this is not a situation where Petitioner is attempting to challenge a current sentence on the basis that it was improperly enhanced or increased by a state court conviction.

Razzoli's present § 2254 petition clearly may not be entertained by this Court as the sentence on the disorderly conduct charge has expired. Likewise, Petitioner has not shown that he is suffering any collateral consequences stemming from his expired parole revocation term, as required under <u>Spencer</u> and <u>Kissinger</u>. Under the principles set forth in <u>Spencer</u> and <u>Kissinger</u>, a mere possibility that the parole revocation may one day present adverse consequences for Razzoli is not sufficient. Burkey, supra, 2009 WL 385419, at *5-6. Accordingly, Razzoli's petition will be dismissed. An appropriate Order will enter.

                s/ Thomas I. Vanaskie
                Thomas I. Vanaskie
                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI, :
:
    Plaintiff : CIVIL NO. 3:CV-07-1578
:
v. :
:
: (Judge Vanaskie)
WARDEN, USP-ALLENWOOD, et al., :
:
:
    Respondents :

## ORDER

NOW, THEREFORE, THIS 27th DAY OF FEBRUARY, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is DISMISSED AS MOOT.

2. The Clerk of Court is directed to CLOSE the case.

3. There is no basis for the issuance of a Certificate of Appealability.

                                            s/ Thomas I. Vanaskie
                                            Thomas I. Vanaskie
                                            United States District Judge